UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN M. THOMAS,            )
    Petitioner         )
                           )
            v.             )   C.A. NO. 10-CV-30058-MAP
                           )
JAMES SABA, SUPERINTENDENT, )
    Respondent         )

### MEMORANDUM AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS, AND PETITIONER'S MOTIONS FOR SUMMARY RELEASE, FOR ISSUANCE OF THE GREAT WRIT, FOR THE COURT TO TAKE JUDICIAL NOTICE, FOR THE COURT TO TAKE NOTICE OF CHRONOLOGY OF TIME, AND TO STRIKE, AND FOR WRIT
(Docket Nos. 12, 05, 07, 08, 10, 14 & 16)

July 8, 2010

PONSOR, D.J.

    Petitioner John M. Thomas has brought this action pursuant to 28 U.S.C. § 2254 against James Saba, Superintendent of the facility where Petitioner is currently serving a state prison sentence.  The petition, which has been filed pro se, seeks immediate release for various reasons.

    The background of the case appears undisputed.  On May 8, 2008, a grand jury in Hampden County returned two indictments against Petitioner, charging him with distribution of a Class B substance, subsequent offense in violation of Mass. Gen. Laws ch. 94C, § 32A(d), and drug

possession of a Class B controlled substance with intent to distribute, subsequent offense in violation of Mass. Gen. Laws ch. 94C, § 32A(d).  On December 11, 2008, Petitioner pled guilty to each of these charges and received a sentence of not more than five years and not less than four years, with the sentences to run concurrently.  No motion to vacate the guilty plea or motion for new trial has been filed in the Hampden Superior Court or in any state court.

Petitioner now claims that he was forced to plead guilty while under the influence of medication, that the evidence against him was insufficient, and that he was not served with an authenticated true bill of the indictments.

As Respondent points out, federal law requires that a Petitioner seeking a remedy under 28 U.S.C. § 2254 first exhaust all remedies available in the state courts before coming to federal court.  Petitioner does not appear to dispute that he has not exhausted his state court remedies, but contends that the circumstances of this case relieve him of that obligation.  None of the arguments offered by Petitioner attempting to establish an exception to the exhaustion rule are persuasive.  While Petitioner's sense of indignation appears to be sincere, it would be false generosity on the part of this court to purport to offer him any sort of illusory remedy in this forum, when federal law

simply does not permit it.

Based on the foregoing, the court hereby ALLOWS Respondent's Motion to Dismiss (Docket No. 12).  Based on this ruling, Petitioner's  Motion for Summary Release (Dk. No. 05), for issuance of the Great Writ (Dkt. No. 07), for the Court to Take Judicial Notice (Dkt. No. 08), for the Court to Take Notice of Chronology of Time (Dkt. No. 10), to Strike (Dkt. No. 14), and for a Writ (Dkt. No. 16) are all DENIED.

The clerk will enter judgment for Respondent.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge